DISTRICT OF OREGON, ss:        AFFIDAVIT OF JOSEPH O. YOUNGBLOOD

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Joseph O. Youngblood, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation and have been employed as such since July of 2019. I successfully completed 21 weeks of training at the FBI Academy located in Quantico, Virginia. During that time, I was taught the use and practical application of various investigative techniques that federal law enforcement officers are allowed to employ. Since December of 2019, I have been assigned to the Portland Division Violent Crime Squad. My training and experience include my time in the FBI as well as four years of previous federal law enforcement experience as a Military Police Officer in the United States Marine Corps. I have been empowered under Title 18, United States Code, Sections 3052 and 3053, and Rule 4 of the Federal Rules of Criminal Procedure, to conduct investigations and make arrests for federal criminal offenses, including violations of 18 U.S.C. § 231(a)(3) (civil disorder – obstruction of law enforcement); 18 U.S.C. § 231(a)(1) (civil disorder - incendiary device); 18 U.S.C. § 844(f)(1) (arson); 18 U.S.C. § 2101 (riot); and 18 U.S.C. § 371 (conspiracy).

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Joshua "Eva" WARNER, for civil disorder in violation of 18 U.S.C. § 231(a)(3). As set forth below, there is probable cause to believe, and I do believe, that WARNER shined a green laser in the eyes of multiple law enforcement officers for the intended purpose of obstructing, impeding, or interfering in a violent manner with such law enforcement officers; that WARNER intentionally participated in blocking traffic on a public street; that WARNER did so knowingly and willfully, and that WARNER did so during a civil disorder that adversely affected interstate commerce.

**Applicable Law**

3. Title 18 U.S.C. § 231(a)(3) provides that "whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to an during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce . . . shall be fined under this title or imprisoned not more than five years or both." The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."

**Statement of Probable Cause**

4. The information stated herein is based on my own personal involvement in this investigation, as well as my discussions with other law enforcement officers involved in this investigation, and information I have read that is contained in written reports pertaining to this investigation. This affidavit does not include all facts known to me regarding this investigation but contains only those facts which I believe are sufficient to establish the requisite probable cause.

5. On May 25, 2020, George Floyd died during his arrest by law enforcement officers in Minneapolis, Minnesota, sparking nationwide protests that eventually extended to Portland, Oregon. The protests have, at times, included violence, civil disorder, arson, and looting. On August 8, 2020, at 11:35 p.m. a riot was declared at the Portland Police Association office, located at 1868 N Lombard Street, Portland, Oregon. This was due to individuals in the crowd breaking a window to the office, entering and starting a fire inside. According to a Portland Police Bureau

press release, during this activity the crowd utilized vehicles and dumpsters to illegally block vehicular traffic on North Lombard Street.

6. Portland Police Bureau officers, assigned to a Rapid Response Team and working the ongoing riot, were engaging in the targeted arrests of individuals for whom probable cause existed to arrest. They were notified by multiple Oregon State Police troopers that troopers had identified WARNER as an individual who had directed a green laser pointer into the eyes of law enforcement officers attempting to disperse the riot. Since the beginning of the demonstrations, officers have repeatedly encountered individuals who direct laser pointers into the eyes of law enforcement officers. Based on my training and experience, and the training and experience of other law enforcement officers with whom I have communicated, I know these lasers can temporarily blind an officer and may cause significant and lasting eye damage to an officer. Furthermore, according to the National Institute of Standards and Technology, an "inexpensive" ($15) green laser pointer produces enough infrared light to pose a serious hazard to human eyesight and may result in significant eye damage.[1]

7. When PPB officers moved in to arrest WARNER, he initially resisted arrest, causing officers to use force. Upon searching WARNER, officers seized a black, pen-style, green laser pointer. WARNER was readily identifiable due to his attire differing significantly from the people around them. Individuals involved in the riots typically dress in "black bloc" attire to prevent identification; WARNER was wearing a distinctive red plaid jacket while shining the laser in officer's eyes and when arrested.

---

[1] Galang et al. "A Green Laser Pointer Hazard." National Institute of Standards and Technology, July, 2010, https://tsapps.nist.gov/publication/get_pdf.cfm?pub_id=906138, accessed August 26, 2020.

**Page 3 – Affidavit of Joseph O Youngblood**          USAO Version Rev. April 2018

## Conclusion

8.      Based on the foregoing, I have probable cause to believe, and I do believe, that WARNER intentionally obstructed, impeded, and interfered with law enforcement officers who were engaged in the lawful performance of their duties when WARNER shined a green laser into their eyes; furthermore, WARNER participated in blocking traffic on a public street. All of these actions took place during a civil disorder that adversely affected interstate commerce in violation of 18 U.S.C. § 231(a)(3). I therefore request that the Court issue a criminal complaint and arrest warrant for WARNER.

9.      Prior to being submitted to the Court, this affidavit was reviewed by Assistant United States Attorneys (AUSAs) Kelly A. Zusman and Thomas S. Ratcliffe. AUSAs Zusman and Ratcliffe advised me that, in their opinions, the affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Request for Sealing**

10.    I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, or otherwise seriously jeopardize an investigation, including the planned arrest of the defendant.

*Joseph O. Youngblood*
Joseph Youngblood
Special Agent, Federal Bureau of Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone  3:40 p.m. on August 27, 2020.

*Youlee Yim You*
THE HONORABLE YOULEE YIM YOU
United States Magistrate Judge